UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

FILED by __GM__ D.C.
ELECTRONIC

FEB 18, 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JERRI BILZ,

    Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC,

    Defendant.
_____/

CASE NO.

**10-CV-80276-COHN/SELTZER**

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JERRI BILZ, ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, CAVALRY PORTFOLIO SERVICES, LLC, ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

VERIFIED COMPLAINT      1

## PARTIES

6. Plaintiff is a natural person who resides in the City of West Palm Beach, County of Palm Beach, State of Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in the City of Hawthorne, State of New York.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Plaintiff does not owe the alleged debt to Defendant.

11. Despite being told that Plaintiff does not owe the debt, Defendant continues to call Plaintiff demanding payment for the allege debt.

12. Defendant calls Plaintiff at work.

13. Plaintiff informed Defendant that she cannot receive telephone calls at work and to stop calling her there.

14. Despite having this information, Defendant continued to call Plaintiff at work.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to

VERIFIED COMPLAINT                                                               2

the following:

a. Defendant violated §1692c(a)(1) of the FDCPA by calling Plaintiff at her place of employment, a place known to be inconvenient to Plaintiff;

b. Defendant violated §1692c(a)(3) by repeatedly contacting Plaintiff at her place of employment even though Defendant knew that Plaintiff's employer prohibits the consumer from receiving such communications;

c. Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

e. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect;

f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Plaintiff does not owe the money Defendant is attempting to collect.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

16. Declaratory judgment that the Defendant's conduct violated the FDCPA.

17. Actual damages.

18. Statutory damages of $1000.00 pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Any other relief that this court deems to be just and proper.

Dated:  February 4, 2010                        RESPECTFULLY SUBMITTED,


                                                By:   /s/Matthew Kiverts
                                                     Matthew Kiverts
                                                     Krohn & Moss, Ltd
                                                     120 W Madison St, 10th Floor
                                                     Chicago, IL 60602
                                                     Phone:  (312) 578-9428 ext. 203
                                                     Fax:     (866) 431-5576
                                                     Attorney for Plaintiff
                                                     FBN: 0013143


## DEMAND FOR JURY TRIAL

      PLEASE TAKE NOTICE that Plaintiff, JERRI BILZ, hereby demands trial by jury in this action.


VERIFIED COMPLAINT                                                      4

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

Plaintiff, JERRI BILZ, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JERRI BILZ, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 1/21/10

_____
JERRI BILZ
Plaintiff

VERIFIED COMPLAINT                                                                  5